This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39115

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**VIVIAN SAIZ,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Michelle C. Dowler, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Dane E. Hannum
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals her conviction of driving while under the influence of intoxicating liquor, challenging the denial of a pretrial motion to suppress evidence. [DS 1] This Court issued a notice of proposed disposition proposing to affirm, and Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     Defendant's memorandum, like her docketing statement, relied upon our opinion in *State v. Siqueiros-Valenzuela*, 2017-NMCA-074, 404 P.3d 782, in which a driver was passing a pair of semitrucks when her driver's side tires touched a dividing line. *Id.* ¶ 2. Our notice proposed that because "Defendant does not assert any reason for her

deviation from the marked lane of travel[,]" *Siqueiros-Valenzuela* is distinguishable. [CN4]

**{3}** Defendant's memorandum argues that we are somehow misreading *Siqueiros-Valenzuela*. [MIO 2] She points out that the opinion in that case noted the safety benefits of moving "as far to the left as possible when passing a semi[]truck at seventy-five miles per hour[,]" before noting that the "safety aspect of this particular case played only an inferential part in the district court's overall decision." *Id.* ¶¶ 6, 14. [Id.]

**{4}** That reference to the "safety aspect," however, had nothing to do with semitrucks. Instead, that discussion dealt with the section of the Motor Vehicle Code prohibiting drivers from deviating from their lane of travel "until the driver has first ascertained that such movement can be made with safety[.]" NMSA 1978, § 66-7-317(A) (1978); *see Siqueiros-Valenzuela*, 2017-NMCA-074, ¶ 13. Specifically, the State asserted "that the appropriate analysis should focus on whether the driver in fact 'ascertained' that his or her movement from the lane can be made with safety." *Id.* We rejected that argument. *Id.*

**{5}** We then turned to the question of what it means to drive "as nearly as practicable entirely within a single lane[,]" *id.* ¶¶ 4, 12, eventually concluding that "a totality of the circumstances analysis. . . is the appropriate means to gauge" whether a driver has violated the lane-changing statute or not. *Id.* ¶ 21. It was in our analysis of the totality of the circumstances that semitrucks became relevant. The circumstances considered in *Siqueiros-Valenzuela* were that

> [the d]efendant was traveling on the interstate at seventy to seventy-five miles per hour, she was passing two semi[]trucks in the left-hand passing lane, common driving experience advises leaving as much room as possible for safety when passing a semi[]truck, and the entirety of the incident consisted of the vehicle's single, brief touching of the left-hand yellow shoulder line while passing the second semi[]truck[.]

*Id.* ¶ 22.

**{6}** No similar circumstances appear in this case. As our notice of proposed disposition pointed out, "Defendant does not assert any reason for her deviation from the marked lane of travel." [CN 4] Thus, based on the totality of the circumstances, as Defendant has made them known to us, there is nothing in the facts of this case to indicate that Defendant was driving "as nearly as practicable entirely within a single lane" when she deviated from her lane of travel. Section 66-7-317(A). As a result, we conclude that the sheriff's deputy who stopped Defendant had a reasonable suspicion of criminal activity, and we affirm the metropolitan court's order denying Defendant's motion to suppress evidence.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**